IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAYVON JAYSON KEITT, | : | Civil No. 3:22-cv-1649 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| WARDEN J. SAGE, | : | |
| Respondent | : | |

**MEMORANDUM**

Petitioner Jayvon Jayson Keitt ("Keitt"), an inmate confined at the Federal Correctional Institution, Schuylkill, in Minersville, Pennsylvania ("FCI-Schuylkill"), initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Keitt seeks an Order directing the Federal Bureau of Prisons ("BOP") to award him earned time credit pursuant to the First Step Act. (*Id.* at p. 8). For the reasons set forth below, the Court will deny the habeas petition.

**I.    Background**

On January 24, 2020, Keitt pled guilty to conspiring to distribute, and possess with intent to distribute, twenty-eight grams and more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, in the United States District Court for the Southern District of New York. *United States v. Keitt*, No. 20-CR-66 (S.D.N.Y.). On August 6, 2020, Keitt was sentenced to sixty months' imprisonment, followed by five years of supervised

release.  (Doc. 10-1, pp. 6-8, Public Information Inmate Data).  His projected release date is September 14, 2023, via good conduct time.  (*Id.*).

The Administrative Remedy Generalized Retrieval reveals that, while in BOP custody, Keitt filed a total of seventeen administrative remedies.  (Doc. 10-1, pp. 9-18).  Of those seventeen administrative remedies, only one pertains to earned time credits—administrative remedy number 1121732-F1.  (*See id.*).  On May 27, 2022, Keitt filed administrative remedy number 1121732-F1 at the institution level, concerning his federal time credits.  (*Id.* at p. 16).  On June 1, 2022, the BOP denied the remedy with an explanatory response.  (*Id.*).  On June 8, 2022, Keitt filed administrative remedy number 1121732-R1 with the Regional Office.  (*Id.* at p. 17).  On June 21, 2022, the Regional Office rejected the appeal as illegible and he was advised to re-file within ten days.  (*Id.*).  Keitt did not re-file or appeal the claim regarding his federal time credits any further.

In his § 2241 petition, Keitt alleges that BOP has failed to apply his earned time credits based on his completion of programs and activities under the First Step Act.  (Doc. 1).  Respondent contends that Keitt's § 2241 petition must be denied because: (1) Keitt failed to exhaust his administrative remedies; and (2) Keitt is not eligible for earned time credits at this time.  (Doc. 10).

II.  Discussion

  A.  **Exhaustion of Administrative Review**

Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under § 2241.  *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).  Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy."  *Moscato*, 98 F.3d at 761-62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981) (*per curiam*)).  Thus, "a federal prisoner who . . . fails to exhaust his administrative remedies because of a procedural default, and subsequently finds closed all additional avenues of administrative remedy, cannot secure judicial review of his habeas claim absent a showing of cause and prejudice."  *See id.* at 762.  However, exhaustion is not required when it would not promote these goals, such as when exhaustion would be futile.  *See, e.g.*, *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to

be inadequate to prevent irreparable harm"); *Carling v. Peters*, No. 00-2958, 2000 WL 1022959, at *2 (E.D. Pa. July 10, 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

The BOP has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. 28 C.F.R. §§ 542.10-542.19 (2005). If an issue raised by the inmate cannot be resolved through this administrative remedy system, the BOP will refer the inmate to appropriate statutorily mandated procedures. 28 C.F.R. § 542.10(c). The system first requires an inmate to present their complaint to staff before filing a request for administrative relief, which staff shall attempt to informally resolve. 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, an inmate may file a formal written complaint to the Warden, on the appropriate form, within twenty calendar days of the date of the event or occurrence and the Warden shall provide a response within twenty calendar days. 28 C.F.R. §§ 542.14, 542.18. If the inmate is dissatisfied with the Warden's response, he may file an appeal to the Regional Director within twenty calendar days. 28 C.F.R. § 542.15(a). The Regional Director has thirty calendar days to respond. 28 C.F.R. § 542.18. Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may be appealed to the BOP's General Counsel at Central Office within thirty calendar days from the date of the Regional Director's response. 28 C.F.R. § 542.15(a). No administrative remedy appeal is considered fully exhausted until reviewed by the BOP's Central Office. 28 C.F.R. § 542.15(a).

The BOP maintains a database known as the SENTRY Inmate Management System ("SENTRY"). In the ordinary course of business, computerized indexes of all formal administrative remedies filed by inmates are maintained by the Institution, Regional, and Central Offices. SENTRY generates a report titled "Administrative Remedy Generalized Retrieval" which allows codes to be entered to identify the reason or reasons for rejecting a request for administrative relief.

Keitt's Administrative Remedy Generalized Retrieval report reveals that he failed to properly exhaust the claims in the instant habeas petition. (Doc. 10-1, pp. 9-17). The record reflects that Keitt filed a total of seventeen administrative remedies, and only filed one remedy regarding earned time credits. (*Id.*). On May 27, 2022, Keitt filed administrative remedy number 1121732-F1 at the institution level concerning his federal time credits. (*Id.* at p. 16). The administrative remedy was denied at the institution level. (*Id.*). Keitt then appealed administrative remedy number 1121732-R1 to the Regional Office. (*Id.* at p. 17). Upon review, the Regional Office rejected the appeal as illegible and advised Keitt to re-file within ten days. (*Id.*). Keitt did not comply with the directive of the Regional Office and abandoned his appeal at this level.

The undisputed evidence confirms that Keitt failed to properly exhaust his claims concerning earned time credits. Keitt has not established that he should be excused from exhausting administrative remedies with respect to his present claims. While the Court recognizes that administrative exhaustion is not required if "the issue presented only

5

pertains to statutory construction," *Kurti v. White*, No. 1:19-cv-2109, 2020 WL 2063871, at *3 (M.D. Pa. Apr. 29, 2020), the instant case involves a dispute regarding Keitt's eligibility for earned time credits and the specific number of ETCs earned by Keitt.  The latter issue is unrelated to statutory construction and, therefore, the exhaustion requirement cannot be excused.  Keitt's claim is the type of FSA earned-time-credit dispute that must first be properly exhausted through the BOP system.  Moreover, even if Keitt thought pursuit of his administrative remedies would be futile, "[c]ourts in the Middle District of Pennsylvania have consistently held that 'exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals.'" *Ross v. Martinez*, No. 4:09-cv-1770, 2009 WL 4573686, at *3 (M.D. Pa. Dec. 1, 2009) (quoting *Malvestuto v. Martinez*, No. 1:09-cv-1339, 2009 WL 2876883, at *3 (M.D. Pa. Sept. 1, 2009)).  Thus, Keitt's § 2241 petition must be dismissed for failure to exhaust his administrative remedies.  To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing Keitt to invoke the judicial process despite failing to complete administrative review. Nevertheless, the Court will address the merits of his petition below.

    **B.**    **Merits of the Habeas Petition**

Under the FSA, the Attorney General was charged with development and release of a Risk and Needs Assessment System ("the System") within 210 days of December 21, 2018, the date on which the FSA was enacted.  *See* 18 U.S.C. § 3632.  The System is to be used for: (1) determining an inmate's recidivism risk; (2) assessing an inmate's risk of

violent or serious misconduct; (3) determining the type and amount of evidence-based recidivism reduction programming appropriate for each inmate; (4) periodically assessing an inmate's recidivism risk; (4) reassigning an inmate to appropriate evidence-based recidivism reduction programs ("EBRRs") and PAs; (5) determining when to provide incentives and rewards for successful participation in EBRRs and PAs; and (6) determining when the inmate is ready to transfer to pre-release custody or supervised release. *See id.* § 3632(a). Moreover, the System provides guidance on the "type, amount, and intensity of EBRR programs and PAs to be assigned to each inmate based on the inmate's specific criminogenic needs." *Kurti*, 2020 WL 2063871, at *4 (citing 18 U.S.C. § 3632(b)).

The FSA allows eligible inmates who successfully complete EBRRs or PAs to receive earned time credits to be applied toward time in pre-release custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A). An inmate may earn ten (10) days of credit for every thirty (30) days of successful participation. *See id.* Moreover, eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two (2) consecutive assessments may earn five (5) days of time credit for every thirty (30) days of successful participation. *See id.* However, an inmate may not earn time credits for EBRR programs completed prior to the enactment of the FSA. *See id.* § 3632(d)(4)(B)(i). The Attorney General was allowed 210 days after the FSA was enacted to develop and publish the System, which the BOP then used as a guide to implement the EBRRs and PAs. *See id.* § 3632(a). The Attorney General published the System on July

19, 2019, and the BOP then had 180 days, or until January 15, 2020, to implement the System, complete assessments, and begin to assign prisoners to appropriate EBRRs. *See Kurti*, 2020 WL 2063871, at *4 (citing 18 U.S.C. 9 § 3621(h)). Moreover, the FSA provides that EBRRs and PAs are to be phased in over a period of two (2) years, from January 15, 2020 to January 15, 2022. *See* 18 U.S.C. § 3621(h)(2).

ETC credits are "earned only when an inmate successfully completes one of the BOP-approved EBRR programs or PAs related to one of the particular needs assigned to that inmate." *Hare v. Ortiz*, No. 20-14093, 2021 WL 391280, at *9 (D.N.J. Feb. 4, 2021). Respondent submitted the Declaration of Jennifer Knepper, BOP Attorney Advisor, wherein she explains that inmates who are eligible for FSA time credits can accrue credits, but they cannot be applied until the inmate has earned a low or minimum recidivism risk. (Doc. 10-1, p. 5 ¶ 13). Keitt became eligible to earn FSA time credits on February 11, 2021. (*Id.* at pp. 19-20). However, the BOP has assessed Keitt as currently having a high risk of recidivism. (*Id.* at p. 21). Thus, even if Keitt completes EBRR programs and PAs that correspond with an identified need, the BOP may not apply credits for successfully completed programs until Keitt has received a minimum or low risk PATTERN[1] score for two consecutive assessments. *See* 18 U.S.C. § 3624(g)(1)(D)(i); 28 C.F.R. § 523.42(c)(2)(i)-(ii); 28 C.F.R. § 523.44. Because Keitt does not have a minimum or low risk PATTERN score for two

---

[1] The Bureau of Prison's recidivism assessment tool, Prison Assessment Tool Targeting Estimated Risk Needs ("PATTERN").

consecutive assessments, the BOP may not apply credits for successfully completed programs.  *See id.*  Thus, the Court cannot grant Keitt the relief he seeks.

## III.     Conclusion

Based on the foregoing, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be denied.  (Doc. 1).  A separate Order shall issue.

_s/ Robert D. Mariani_<br>
Robert D. Mariani<br>
United States District Judge

Dated: December 28, 2022